CONNELLY v. CONNELLY.

(Supreme Court, Appellate Division, Second Department.    July 23, 1898.)

CONTRACT—CONSIDERATION.

    The plaintiff purchased in this country, and sent to one F., in Ireland,·
    with $5, a passage ticket to· this country, intending to loan the same to
    him.    F. loaned the same to the defendant, upon the latter's promise to
    repay F.    Upon reaching this country, the defendant promised to repay
    the loan to the plaintiff.    Held, that, as the defendant's only obligation·
    was towards F., there was no consideration for this promise.

Appeal from Dutchess county court.

Action by Michael Connelly against Michael Connelly, Jr.    From a
judgment of the county court affirming a judgment of a justice, de-
fendant appeals.    Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,·
HATCH, and WOODWARD, JJ.

William H. Wood, for appellant.

Charles Morschauser, for respondent.

PER CURIAM.    The plaintiff, a resident of Dutchess county, pur-
chased a steamship ticket for $28, and sent it, together with a draft
for $5, to one Francis Connelly, in Ireland, to enable him to come to·
New York.    It was the intention of the plaintiff to lend the money
represented by the ticket and the draft to Francis Connelly, and have·
him repay it when he come to this country.    The defendant, who is
a brother of Francis Connelly, obtained the ticket from him in Ireland,
and with it procured passage to America.    Upon his arrival in New·
York, being told by the plaintiff that he was not the man to whom
the ticket and money had been sent, the defendant answered that he
knew it, but would pay the plaintiff the money.    It also appears,
without contradiction, that the plaintiff subsequently paid out small
sums of money at the request of the defendant, chiefly for articles of
clothing.    This action was brought to recover the amount represented
by the passenger ticket, draft, and these other expenditures.    On

the trial the defendant did not deny the plaintiff's statement that he had promised to pay for the steamship ticket and the amount of the draft, but he gave testimony which shows that there was no consideration whatever for any such promise on his part.    He stated, in substance, that he obtained the ticket from his brother Francis Connelly upon an agreement to send Francis a similar ticket when he got to this country.    This agreement he kept, but the ticket did not reach Francis in season for him to use it, and the defendant subsequently gave him its value in money.

Taking into consideration the testimony of both parties as to the matters concerning which there is no disagreement between them, it is not difficult to perceive what was the true nature of the transaction. The plaintiff loaned to Francis Connelly money enough to bring him to America, putting the loan chiefly in the form of a passage ticket. Francis Connelly, receiving the money in this form, in turn loaned it to the defendant, upon his agreement to repay it in like form.    The defendant offered to repay it in such form, and has actually repaid it in cash.    At no time has he occupied the relation of a debtor to the plaintiff so far as this ticket is concerned.    The defendant was simply a borrower from Francis, who, in turn, had been a borrower from the plaintiff.    The defendant's promise, therefore, to pay the plaintiff for his passage to America, was wholly without any consideration to support it.    As to the draft of five dollars, the defendant's promise to pay that was equally without consideration, the defendant's debt being due to Francis Connelly, from whom he must have obtained it.    It follows that there must be a modification of the judgment so as to deduct the amount paid for the steamship ticket and draft from the total sum recovered by the plaintiff as damages.

Judgments modified by reducing the amount recovered by the plaintiff as damages from $40.70 to $7.70, and, as thus modified, affirmed, without costs of this appeal or the appeal to the county court to either party.